## MARTIN V. MCLAUGHLIN.

1. After a case has gone to trial, a motion to strike defendant's answer from the files comes too late.

2. A defendant has a right, notwithstanding his default in the county court, to file his answer in the district court upon the appeal. Gen. St. § 500.

3. Before a common carrier may sell, under the statute, perishable freight to satisfy charges thereon, he must give the owner or consignee, or the agent of either of them, at least twenty-four hours' notice previous to such sale.

*Error to District Court, Park County.*

ON REHEARING.

This case was originally brought in the county court of Lake county, where judgment by default was rendered against the defendant. The defendant appealed to the district court of Lake county, and filed therein his answer to the complaint. A change of venue was taken to Park county, where a continuance of the case was had on motion of the plaintiff. At a subsequent term, when the case was called for trial, and after the jury had been called, a motion was made by the plaintiff to strike out the answer on the ground that the defendant, being in default for failure to answer in the county court, could only answer thereafter by leave of court. The court denied the motion on the ground that it came too late, and could not be interposed after the case had gone to trial. This ruling is assigned for error.

The plaintiff in his complaint avers, in substance: *First,* that the defendant was a common carrier of goods for hire, between the town of Grant, the then terminus of the Denver & South Park Railroad, and the town of Leadville. *Second,* that on the 21st of December, 1878, the said railroad, at said named terminus, delivered to the defendant a certain lot of goods, which are particularly described, consisting of dressed poultry, fish and oysters, of the value of $329.44, the property of the plaintiff, which goods the defendant received, to be by him safely carried to the town of Leadville, and to be delivered to one McCarter, the consignee, for reasonable reward, to be paid by said McCarter, "the said goods having been shipped to him as purchaser thereof." *Third,* that the defendant did not safely carry and deliver the goods; that he carried the same to said town of Leadville, and tendered them to said consignee, who refused to receive or accept the same, or any part thereof; and that thereupon the defendant sold said goods and

appropriated the proceeds to his own use, without first having notified the owner and consignor, the plaintiff, that the freight on said goods was unpaid, although he well knew said consignor, and where he lived, and without having· given or published the required statutory notice of such sale. *Fourth,* that the defendant so sold and disposed of said goods and appropriated the proceeds as aforesaid without first having given the owner or consignor or the consignee thereof, his or their agent, notice of his intent so to do twenty-four hours before said sale was to have taken place; and that said consignee did live at the place or town where said goods were sold; and that the defendant did not sell said goods, or any part thereof, at public′ auction to the highest and best bidder; and did not sell the same, or any part thereof, for the best price that could reasonably have been obtained in the market where they were sold, and at the time they were sold; and that said defendant did not dispose of the proceeds of said sale as provided for in section 1865 of the General Laws of the state of Colorado. Wherefore plaintiff demands judgment, etc.

The defendant in his answer admits that he was a common carrier, and received goods at the time and place averred, but does not know whether the plaintiff was at that time the owner of said goods or not; denies all the other allegations of the complaint; and, further answering, sets up the following as a further defense, to wit:

"That prior to the delivery of the goods to him as aforesaid he contracted with one Joseph McCarter, the consignee and purchaser of said goods, to receive said goods from said railroad company at a station known as Grant, at the end of said railroad company's track, and to safely carry and deliver said goods to the said Joseph McCarter, at the town of Leadville, in the county of Lake, and state of Colorado, for a certain reward previously agreed upon to be paid by said McCarter; that

under and by virtue of said contract he did receive from the said railroad company, at said Grant station, after first paying all charges thereon, the said goods; that on the 24th day of December, A. D. 1878, he did safely carry said goods to the said town of Leadville, and tendered and offered to deliver them, and each and all of them, to the said consignee, Joseph McCarter; that the said McCarter did absolutely refuse to receive or accept said goods, or any. part thereof; that said goods, and each and all of them, did consist of goods which would perish or become greatly damaged by delay in disposing of the same; that the freight on said goods was unpaid; that the consignor of said goods was not known to this defendant; that the defendant thereupon notified the said consignee personally that he would, in twenty-four hours from the time of such notice, sell all of the said goods at private sale for the best price that the same would bring, or that could reasonably be obtained therefor, in the said town of Leadville; that the defendant did, twenty-four hours after such notice, sell and dispose of the same at private sale for the best price that could reasonably have been obtained therefor in the market where they were sold, and at the time they were sold; and that after paying the freight and all charges thereon no surplus was left.    Wherefore defendant prays that he may be dismissed," etc.

Replication stricken from the pleadings.    Verdict and judgment for defendant.

Section 6 of "An act concerning unclaimed freight" (Gen. Laws, 647) provides for the sale of perishable goods by the carrier, commission merchant or warehouseman unless the charges on such goods are paid, and they are claimed and taken away; "provided, always, that before any such sale is made, notice shall be given to the owner or consignee, or agent of him, of the intent to sell and dispose of such goods, merchandise or other property, and the time and place of such sale, either by personal

notice or by letter addressed and properly mailed to him, which said notice shall be given at least twenty-four hours before said sale, if the consignee or owner, or agent of him, so notified shall reside at the place where such goods are; but if the person to be so notified of such sale reside at a distance, then the time of such sale shall be so appointed in such notice as to allow him, in addition to the twenty-four hours above mentioned, a reasonable length of time to claim such goods or to attend such sale; and if, upon reasonable inquiry, the residence of such consignee, owner or agent cannot be learned, then, upon the affidavit of such carrier, commission merchant or warehouseman, or some person in his or their behalf, to be filed and preserved by the carrier, commission merchant or warehouseman, and by them to be produced and exhibited to any person claiming an interest in the goods sold, or to be sold, as aforesaid, such goods, merchandise and other property may be sold as aforesaid without notice."

Messrs. D. J. HAYNES and MATT. ADAMS, for plaintiff in error.

Messrs. M. J. BARTLEY, R. D. THOMPSON and JOHN C. FITNAM, for defendant in error.

ELBERT, J.   The court properly overruled the plaintiff's motion to strike the defendant's answer from the files. The motion came too late, being interposed after the case had gone to trial.   An additional ground is found in the statute providing for appeals from the county to district courts, which declares that the proceedings in such case in the appellate court shall be *de novo*, and that the defendant, where judgment had been rendered by default, shall have the right to plead any and all defenses which he might have pleaded had the case originally been brought

in the district court. Gen. St. § 500. As this statute gave the defendant a right to file his answer in the district court, notwithstanding his previous default in the county court, it was not necessary to ask and obtain leave of the court therefor.

The ruling of the court striking the plaintiff's replication to the defendant's answer from the pleadings is not assigned for error. We notice it only to say that a mistaken view of the effect of the ruling perhaps led to the erroneous result which we find. It will be seen that all of the material allegations of the complaint are put in issue by the denials of the answer. "The further defense," as it is called in the answer, is largely a repetition in another form of matter already in issue. A replication was necessary only in so far as the answer alleged new matter, and this was all that stood admitted when the replication was stricken from the files. Whether the statutory notice was given by the defendant was one of the issues made by the averments of the complaint and the denials of the answer, and no replication was needed to complete it.

We need not inquire into the sufficiency of the evidence to show that the defendant knew that the plaintiff was the owner and consignor of the goods and that he resided in Denver. The evidence shows clearly that he knew the consignee, and knew that he resided in and had a place of business in Leadville, the place of delivery. We are unable to find in the bill of exceptions any evidence showing that the defendant, prior to the sale of the plaintiff's goods, gave to either the owner or consignee, or to the agent of either of them, the twenty-four hours' notice required by the statute in a case of sale of perishable goods for charges, etc. There does not appear to have been any attempt or effort on the part of the defendant or his agents to comply with the statute in this respect. On the other hand, it appears from the evidence that the sale

took place in *less* than twenty-four hours after the consignee refused to receive the goods.

The verdict is manifestly against the evidence, and for this reason the judgment of the court below must be reversed, and the cause remanded.

*Reversed.*